IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER W. CARDWELL,

              Plaintiff,               No. CIV S-08-1006 JAM GGH P

    vs.

A. KETTELHAKE, et al.,

              Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16           A complaint must contain more than a "formulaic recitation of the elements of a

17   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19   "The pleading must contain something more...than...a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22   standard, the court must accept as true the allegations of the complaint in question, Hospital

23   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25   McKeithen, 395 U.S. 411, 421 (1969).

26   /////

2

1    Plaintiff alleges that he received inadequate medical care.

2    In order to state a § 1983 claim for violation of the Eighth Amendment based on

3    inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

4    deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

5    285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

6    serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

7    501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

8    1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

9    Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

10    A serious medical need exists if the failure to treat a prisoner's condition could

11    result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

12    that a prisoner has a serious need for medical treatment are the following:  the existence of an

13    injury that a reasonable doctor or patient would find important and worthy of comment or

14    treatment; the presence of a medical condition that significantly affects an individual's daily

15    activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

16    F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

17    (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

18    grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

19    In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

20    defined a very strict standard which a plaintiff must meet in order to establish "deliberate

21    indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

22    However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

23    which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

24    Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

25    should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

26    /////

3

1    It is nothing less than recklessness in the criminal sense – subjective standard –

2    disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at

3    1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn

4    that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837,

5    114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

6    of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at

7    847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his

8    knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was

9    obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at

10    1981. However, obviousness per se will not impart knowledge as a matter of law.

11    Also significant to the analysis is the well established principle that mere

12    differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

13    Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

14    662 F.2d 1337, 1344 (9th Cir. 1981).

15    Moreover, a physician need not fail to treat an inmate altogether in order to violate

16    that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

17    1989). A failure to competently treat a serious medical condition, even if some treatment is

18    prescribed, may constitute deliberate indifference in a particular case. Id.

19    Additionally, mere delay in medical treatment without more is insufficient to state

20    a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766

21    F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is

22    no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing

23    Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

24    1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends

25    to provide additional support for a claim of deliberate indifference; however, it does not end the

26    inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the

4

1    medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

2    needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

3    the defendant."  McGuckin, 974 F.2d at 1061.

4           Plaintiff alleges that defendant Kettelhake did not "indicate any pending medical

5    appointments nor the special transport instruction ordered by physician for vicodin to be

6    administered.  Transfer protocals were not followed...this action caused serious pain and

7    suffering unnecessarily."

8           Plaintiff's claim against defendant Kettelhake is not clear.  Plaintiff alleges that

9    defendant Kettelhake failed to "indicate" the special transport instruction that plaintiff receive

10   vicodin.  The court cannot determine from this allegation whether defendant Kettelhake was

11   aware that a doctor had ordered vicodin and intentionally failed to provide it.  Without knowing

12   more regarding the circumstances of plaintiff's failure to receive vicodin during the transport, the

13   court cannot determine whether plaintiff has stated a colorable Eighth Amendment claim.

14   Accordingly, the claims against defendant Kettelhake are dismissed with leave to amend.

15          Plaintiff alleges that the CDCR form 7230 reviewed by defendant Laugler is

16   incorrect.  Plaintiff alleges that the physician's progress notes indicate a serious failure to follow

17   the necessary procedures as plaintiff suffered pain.  Plaintiff claims that no medications were

18   ordered upon arrival at High Desert State Prison.

19          The court does not understand the claims against defendant Laugler.  Plaintiff

20   does not describe how defendant Laugler's failure to correct the 7230 form resulted in his failure

21   to have medication upon arriving at High Desert State Prison, which seems to be the claim.  Nor

22   does plaintiff describe how defendant Laugler knew that the form was incorrect.  Accordingly,

23   the claims against defendant Laugler are dismissed with leave to amend.

24          Plaintiff alleges that upon his arrival at High Desert State Prison, defendant

25   Camacho did not indicate on the CDCR form 7277 that plaintiff was being treated for a serious

26   medical condition or that plaintiff was receiving pain medication.  Plaintiff alleges that defendant

5

1   Camacho failed to write on the form that plaintiff was in urgent need of an exam by a doctor.

2          Plaintiff does not discuss why he required urgent medical care upon his arrival at

3   High Desert State Prison.  Plaintiff also does not state how defendant Camacho knew that

4   plaintiff had a serious medical need that required urgent treatment.  Without this information, the

5   court cannot determine whether plaintiff has stated a colorable Eighth Amendment claim against

6   defendant Camacho.  Accordingly, the claims against this defendant are dismissed with leave to

7   amend.

8          Plaintiff alleges that defendant Dr. James interviewed him after plaintiff filed a

9   grievance alleging that he did not receive medical care following his arrival at High Desert State

10  Prison.  Plaintiff alleges that defendant James refused to order the prescribed pain medication for

11  his back.  These allegations state a colorable claim for relief against defendant James.

12         Plaintiff alleges that on December 3, 2007, defendants Miller and Untermeiner

13  failed to follow doctor's orders by "not indicating" plaintiff's need for pain medication on the

14  CDCR form 7221.  Plaintiff does not allege how defendants Miller and Untermeiner knew that

15  he needed pain medication.  Plaintiff does not describe what a CDCR 7221 form is and how the

16  failure to include this information on it caused him to not receive pain medication.  Without this

17  information, the court cannot find that plaintiff has stated a colorable claim for relief against

18  defendants Miller and Untermeiner.

19         Plaintiff alleges that on November 26, 2007, defendants Colletti and Redblum

20  made an error in screening plaintiff's medical records and failed to refer plaintiff to a physician.

21  Plaintiff does not describe this error.  The fact that plaintiff characterizes defendants as having

22  committed an error suggests that they did not act with deliberate indifference to his serious

23  medical needs.  Because the court cannot determine whether plaintiff has stated a colorable

24  Eighth Amendment claim against these defendants, the claims against them are dismissed with

25  leave to amend.

26  /////

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5  there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
8  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
9  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12  amended complaint be complete in itself without reference to any prior pleading.  This is
13  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16  original complaint, each claim and the involvement of each defendant must be sufficiently
17  alleged.

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's request to proceed in forma pauperis is granted;

20    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
21  The fee shall be collected and paid in accordance with this court's order to the Director of the
22  California Department of Corrections and Rehabilitation filed concurrently herewith.

23    3.  Plaintiff's claims against all defendants but for Dr. James are dismissed for the
24  reasons discussed above, with leave to file an amended complaint within thirty days from the
25  date of service of this Order.  Failure to file an amended complaint will result in a
26  recommendation that these defendants be dismissed from this action.

1          4.  Upon filing an amended complaint or expiration of the time allowed therefor,

2    the court will make further orders for service of process upon some or all of the defendants.

3    DATED:  06/26/08

                                                    /s/ Gregory G. Hollows
4                                         _____
                                                    UNITED STATES MAGISTRATE JUDGE
5

6

7    card1006.b1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26