UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER W. CARDWELL,

      Plaintiff,

  v.

A. KETTELHAKE, et al.

      Defendants.

CASE NO. 2:08-cv-01006-JLR

ORDER

Plaintiff Christopher W. Cardwell is a state prisoner proceeding *pro se* and *in forma pauperis*. Mr. Cardwell is asserting claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to his medical needs. (Am. Compl. (Dkt. # 8).) This matter comes before the court upon Mr. Cardwell's motions for appointment of counsel (Dkt. ## 16, 28).

The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in cases under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Court,* 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, a

district court may in its discretion request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrel v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright,* 900 F.2d 1332, 1335-36 (9th Cir. 1990) (holding that, in the absence of exceptional circumstances, district court did not abuse its discretion in refusing to appoint counsel for inmate in connection with civil rights action alleging deliberate indifference to medical needs and denial of meaningful access to the courts). In order to determine whether a plaintiff has demonstrated exceptional circumstances, a court must evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

In support of his motions, Mr. Cardwell relies in part on his eleventh-grade education as grounds that would warrant his request for voluntary assistance of counsel. (Mot. at 1, 3.) Failure to complete high school, however, is an experience common to many prisoners and does not establish exceptional circumstances. Likewise, other problems alleged by Mr. Cardwell, such as difficulty understanding procedural rules and responding to pleadings filed by party opponents (Mot. at 3), are largely concerns that any *pro se* litigant would face. *See Wood,* 900 F.2d at 1335-36. Further, the legal issues surrounding Mr. Cardwell's 42 U.S.C. § 1983 claim that he was deprived of adequate medical care are not complex. Although Mr. Cardwell may not have completed high school, based on the pleadings he has filed to date, he appears to be literate and capable

of articulating his claims.  (*See, e.g.* Am. Compl. (Dkt. # 8); Mot. (Dkt. # 16).)  In addition, he has successfully issued written discovery requests to some of the defendants in this matter.  (*See, e.g.,* Dkt. ## 29, 30 (seeking extensions of time to respond to Mr. Cardwell's discovery requests).)  In the present case, the court does not find that Mr. Cardwell has demonstrated exceptional circumstances warranting the appointment of counsel.

For the foregoing reasons, the court DENIES Mr. Cardwell's motions (Dkt. ## 16, 28) for the appointment of counsel.

Dated this 22nd day of July, 2009

JAMES L. ROBART
United States District Judge