UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W. CARDWELL,<br><br>Plaintiff,<br><br>v.<br><br>A. KETTELHAKE, et al.,<br><br>Defendants. | CASE NO. 2:08-cv-01006-JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND MOTION TO DISMISS |

Plaintiff Christopher W. Cardwell is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This matter comes before the court on Mr. Cardwell's motion to amend his complaint (Dkt. # 44) and motion to dismiss Defendant R. Colletti (Dkt. # 62). Defendants have not responded to either motion. (*See* Order Directing Service (Dkt. # 12) ¶ 7.) Having considered the submissions of the parties, the court GRANTS Mr. Cardwell's motion to amend (Dkt. # 44) and motion to dismiss (Dkt. # 62).

ORDER- 1

## I. ANALYSIS

### A. Motion to Amend

Mr. Cardwell states that, through discovery (1) he has determined that Nurse T. Reshke, a registered nurse at High Desert State Prison, should be added as a defendant in this case; and (2) he has determined that different facts apply to his claims against Defendant Nurse J. Camacho. (Dkt. # 44 at 1-2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting Conley, 355 U.S. at 47).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      Here, Mr. Cardwell seeks to make two substantive amendments to his complaint.  First, Mr. Cardwell alleges that Nurse Reshke, who was responsible for initial screening of new arrivals at High Desert State Prison, failed to document certain medications and treatments required for his lower back pain; and that this omission constituted deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. (Sec. Am. Compl. (Dkt. # 45) at 2-3.)  The court finds that these allegations state a cognizable claim for relief against Nurse Reshke.  Accordingly, the court will order service of process on Nurse Reshke.

      Second, Mr. Cardwell seeks to amend his factual allegations against Nurse Camacho.  Mr. Cardwell now alleges that Nurse Camacho was responsible for completing the "Confidential Medical/Mental Health Information Transfer-Sending

ORDER- 3

Institution" form, which describes an inmate's need for medical treatment.[1] (*Id.* at 3-4.) Mr. Cardwell alleges that Nurse Camacho's failure to "competently document" his medical treatment caused him a substantial risk of serious harm and constituted deliberate indifference to his medical needs in violation of the Eighth Amendment. (*Id.*) The court finds that these allegations state a cognizable claim for relief against Nurse Camacho. For these reasons, the court GRANTS Mr. Cardwell's motion to amend his complaint (Dkt. # 44).

**B.     Motion to Dismiss**

In his motion to dismiss, Mr. Cardwell states that Dr. Colletti was not a proper defendant and requests that the court dismiss his claims against Dr. Colletti. (Dkt. # 62.) Dr. Colletti has filed no counterclaims against Mr. Cardwell, nor has he filed cross-claims against his co-defendants. *See* Fed. R. Civ. P. 41(a)(2). Accordingly, the court GRANTS Mr. Cardwell's motion to dismiss his claims against Dr. Colletti (Dkt. # 62) without prejudice.

## II.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The court GRANTS Mr. Cardwell's motion to amend his complaint (Dkt. # 44) and GRANTS Mr. Cardwell's motion to dismiss his claims against Dr. Colletti without prejudice (Dkt. # 62).

---

[1] In his First Amended Complaint, Mr. Cardwell alleged that Nurse Camacho failed to accurately complete the "Standardize Bus Screening Form" required for new arrivals. (First Am. Compl. (Dkt. # 8) at 2.)

2. This action shall proceed on the Second Amended Complaint (Dkt. # 45). Within 10 days from the date of this order, the existing Defendants shall answer the Second Amended Complaint.

3. Within 20 days from the date of this order, counsel for the existing Defendants shall advise the court in writing whether counsel will accept service of process on behalf of Nurse Reshke.

4. The Clerk of the Court shall send Mr. Cardwell one USM-285 form, one summons, an instruction sheet and a copy of his Second Amended Complaint (Dkt. # 45).

5. Within 30 days from the date of this order, Mr. Cardwell shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for Nurse Reshke; and

    d. One copy of his endorsed Second Amended Complaint (Dkt. # 45).

6. Plaintiff need not attempt service on Nurse Reshke and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. After Nurse Reshke answers the Second Amended Complaint, the court will issue a scheduling order regarding discovery and motions which may, if appropriate, be limited to Mr. Cardwell's claims against Nurse Reshke and Nurse Camacho.

Dated this 10th day of September, 2010.

                                                 JAMES L. ROBART
                                                 United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA | |
| CHRISTOPHER W. CARDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. KETTELHAKE, et al.,<br><br>　　　　　Defendants. | CASE NO. 2:08-cv-01006-JLR<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

　　　　_____　completed summons form

　　　　_____　completed USM-285 forms

　　　　_____　copies of the Second Amended Complaint

　　DATED:

　　　　　　　　_____
　　　　　　　　Plaintiff

ORDER- 6