UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER W. CARDWELL,

Plaintiff,

v.

A. KETTELHAKE, et al.

Defendants.

CASE NO. 2:08-cv-01006-JLR

ORDER DENYING MOTIONS TO APPOINT COUNSEL

Plaintiff Christopher W. Cardwell is a state prisoner proceeding *pro se* and *in forma pauperis*. Mr. Cardwell is asserting claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to his medical needs. (Am. Compl. (Dkt. # 8).) This matter comes before the court upon Mr. Cardwell's fourth and fifth motions for appointment of counsel (Fourth Mot. (Dkt. # 49); Fifth Mot. (Dkt. # 60)).

The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in cases under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, a

district court may in its discretion request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (holding that, in the absence of exceptional circumstances, the district court did not abuse its discretion in refusing to appoint counsel for inmate in connection with civil rights action alleging deliberate indifference to medical needs and denial of meaningful access to the courts). In order to determine whether a plaintiff has demonstrated exceptional circumstances, a court must evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court denied Mr. Cardwell's three prior motions to appoint counsel. (*See* Dkt. ## 16, 28, 43 (motions); Dkt. # 41, 46 (orders denying motions).) As in his earlier motions, Mr. Cardwell relies in part on his eleventh-grade education as grounds that would warrant his request for voluntary assistance of counsel. Failure to complete high school, however, is an experience common to many prisoners and does not establish exceptional circumstances. Although Mr. Cardwell may not have completed high school, based on the pleadings he has filed to date, he appears to be literate and capable of articulating his claims. Likewise, other problems alleged by Mr. Cardwell, such as difficulty understanding procedural rules, responding to pleadings filed by party opponents, and locating medical experts, are largely concerns that any *pro se* litigant

would face. *See Wood*, 900 F.2d at 1335-36. Further, the legal issues surrounding Mr. Cardwell's 42 U.S.C. § 1983 claim that he was deprived of adequate medical care are not complex. Finally, Mr. Cardwell's assertion that he has limited access to the prison's law library due to the large number of inmates the library serves does not establish exceptional circumstances. Accordingly, the court does not find that Mr. Cardwell has demonstrated exceptional circumstances warranting the appointment of counsel.

For the foregoing reasons, the court DENIES Mr. Cardwell's fourth and fifth motions to appoint counsel (Dkt. ## 49, 60).

Dated this 10th day of September, 2010.

JAMES L. ROBART
United States District Judge